# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAMIKA ALEXANDER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-315H-14-0933-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　　Agency. | DATE: February 27, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vanessa-Nola Pratt, Washington, D.C., for the appellant.

Blanca Sanchez, Danielle Duckett, and Sara M. Klayton, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her termination during her probationary period for lack of jurisdiction.　Generally, we grant petitions such as this one only when: the initial

---

[1]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On February 23, 2014, the agency appointed the appellant to a career-conditional Information Technology (IT) Specialist position in the competitive service, subject to the completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 7 at 20. Effective July 11, 2014, prior to the completion of the 1-year probationary period, the agency terminated the appellant from her position for post-appointment performance deficiencies. IAF, Tab 1 at 5-7.

¶3 The appellant filed an appeal challenging her termination. IAF, Tab 1. The administrative judge issued an acknowledgment order informing the appellant of her burden as a probationary employee to establish Board jurisdiction by making a nonfrivolous allegation that her termination was due to discrimination based on partisan political reasons or marital status under 5 C.F.R. § 315.806 or that she met the definition of an employee under 5 U.S.C. 7511(a)(1)(A). IAF, Tab 2 at 3-5. In response, the appellant submitted Standard Form (SF) 50s

demonstrating that she had prior federal service and asserted that she was not a probationary employee because she had previously completed a probationary period during her prior federal service.[2] The record below confirms the appellant was appointed to various temporary, term, and excepted service positions between 2004 and 2012. IAF, Tab 3 at 10-18, Tab 7 at 22-36. Her most recent prior federal service was an excepted service appointment as an IT Specialist with the Department of the Air Force. According to the administrative judge, the appellant stated during a status conference that she resigned from that position in 2012.[3] IAF, Tab 3 at 16, Tab 11, Initial Decision (ID) at 2.

¶4    Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 2, 5. The administrative judge found that the appellant was a probationary employee who did not meet the definition of employee under 5 U.S.C. § 7511(a)(1)(A) because she had a break in service of more than 30 days between her most recent appointment with the Department of Health and Human Services and her prior federal service with the Department of the Air Force. ID at 2, 4-5.

¶5    The appellant has filed a petition for review in which she challenges the administrative judge's finding that she was a probationary employee and asserts that the administrative judge erred in relying on her SF-50 which she contends is inaccurate. Petition for Review (PFR) File, Tab 1 at 6. In support of her argument that she was not a probationary employee, the appellant relies on her offer letter which indicates she was hired as a full-time permanent employee without mention of a probationary period. PFR File, Tab 1 at 7; IAF, Tab 1 at 9. She also submits the vacancy announcement for her position, which states that a

---

[2] The appellant did not assert that her termination was based on partisan political reasons or marital status under 5 C.F.R. § 315.806. IAF, Tab 11 at 3.

[3] The appellant does not challenge this finding on review. While the record below lacks an SF-50 documenting her departure from the Air Force, the appellant provides nothing to suggest that she was still employed in the Air Force position at the time of her appointment with the agency.

1-year probationary period may be required, and argues that the word "may" indicates that a probationary period was a possibility not a requirement.[4] PFR File, Tab 1 at 13.

## DISCUSSSION OF ARGUMENTS ON REVIEW

¶6    As an initial matter, we find that the appellant failed to nonfrivolously allege that she was improperly considered a probationary employee because the agency had the authority to require her to serve a 1-year probationary period. She was hired under the authority of 5 C.F.R. § 337.201, which is silent as to whether appointees are required to serve a 1-year probationary period. IAF, Tab 1 at 8. However, the absence of an affirmative statutory or regulatory provision requiring a career-conditional appointee to the competitive service to serve a probationary period does not preclude an agency from imposing a 1-year probationary period. *See Calixto v. Department of Defense*, 120 M.S.P.R. 557, ¶ 13 (2014).

¶7    Further, as the administrative judge pointed out, the appellant had not previously been hired under a career appointment; rather, all of her prior appointments were temporary, term, or excepted service appointments. ID at 4. Thus, the agency's requirement that the appellant serve a probationary period is in line with the overwhelming majority of first-time career-conditional competitive service selectees who are required to serve probationary periods under 5 C.F.R. § 315.801. *See Calixto*, 120 M.S.P.R. 557, ¶ 14. Moreover, the

---

[4] The appellant did not submit this document below and as such, the Board need not consider it. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Even if such evidence could be considered "new" evidence, it does not persuade us that the Board has jurisdiction over the appeal. Rather, the vacancy announcement supports our conclusion that the appellant was a probationary employee and does not establish that she is an "employee" with appeal rights to the Board under 5 U.S.C. chapter 75.

fact that the appellant apparently disagrees or was simply unaware that she was serving a probationary period does not change the outcome.[5]  *See id.*, ¶ 17, n.6 (failure to inform an individual of her probationary status, without more, does not confer employee status on the individual).  Lastly, we find unavailing the appellant's argument that she was not a probationary employee because her offer letter did not explicitly state that her appointment was subject to a probationary period.  PFR File, Tab 1 at 7.  Although the offer letter is silent with respect to whether the appellant was required to serve a probationary period, she was on notice from the vacancy announcement that such a requirement may be imposed and, as noted, her SF-50 indicates that her appointment is subject to a probationary period.  IAF, Tab 1 at 8-9; PFR File, Tab 1 at 13.  Thus, the administrative judge properly determined that the appellant was a probationary employee.

¶8        Because the appellant was terminated from a competitive service position, she must satisfy the definition of "employee" set forth in 5 U.S.C. § 7511(a)(1)(A) to have Board appeal rights under chapter 75.  *See Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 9 (2010).  To qualify as an "employee" the appellant must show that she is not serving a probationary period or has completed 1 year of current, continuous service under other than a temporary appointment limited to 1 year or less.  5 U.S.C. § 7511(a)(1)(A); *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).  An appellant who has not served a full year under her appointment can show that she has completed her probationary period, and so is no longer a probationer, by including prior service if the prior service was:  (1) rendered immediately preceding the probationary appointment; (2) performed in the same agency; (3) performed in the same line of work; and (4) completed with no more

---

[5] We note that, although the appellant argues that she was not a probationary employee, on her initial appeal form she indicated that she was serving a probationary period at the time of her termination.  IAF, Tab 1 at 2.

than one break in service of less than 30 days. *Henderson*, 114 M.S.P.R. 149, ¶ 10. Alternatively, an employee can show that, while she may be a probationer, she is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, she had completed at least 1 year of current, continuous service in federal civilian service without a break of a workday. *Id.*

¶9        The appellant here served less than 5 months of her 1-year probationary period. Her most recent prior federal civilian service was with the Department of the Air Force, not in the same agency from which she was terminated. ID at 2,5; IAF, Tab 3 at 15. Thus, as the administrative judge properly found, her prior federal service does not count towards the completion of her probationary period. ID at 5. Similarly, because her last period of prior federal employment ended in 2012, she had a break in service of more than a workday between the end of her employment with the Department of the Air Force and her appointment to the position in question and, therefore, does not have 1 year of current, continuous service. ID at 2. Consequently, the administrative judge properly found that the appellant does not qualify as an "employee" under either 5 U.S.C. §§ 7511(a)(1)(A)(i) or (A)(ii) and properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.